**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| UNITED STATES OF AMERICA, | ) |
|---|---|
| Respondent/Plaintiff, | ) |
| v. | ) Case No. 02-40157-08-JAR |
| | ) 12-4152-JAR |
| FAITH HOPE HAMILTON, | ) |
| Petitioner/Defendant. | ) |

**MEMORANDUM AND ORDER
DENYING MOTION FO RECONSIDERATION**

This comes before the Court on Petitioner Faith Hamilton's Motion for Reconsideration (Doc. 1055). Citing to Fed. R. Civ. P. 59(e), Petitioner asks the Court to reconsider its Memorandum Order and Opinion dismissing her motion to vacate pursuant to 28 U.S.C. § 2255 as untimely (Doc. 1051). In that Order, the Court denied Petitioner's request for equitable tolling on the grounds of attorney error or abandonment.

Local Rule 7.3(a) provides that "[p]arties seeking reconsideration of dispositive orders or judgments must file a motion pursuant to Fed. R. Civ. P. 59(e) or 60."[1] A motion to alter or amend judgment pursuant to Rule 59(e) may be granted only if the moving party can establish: (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice.[2] Such a motion does not permit a losing party to

---

[1] D. Kan. Rule 7.3(a).

[2] *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000); *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 948 (10th Cir. 1995).

rehash arguments previously addressed or to present new legal theories or facts that could have been raised earlier.[3]

Petitioner presents no valid legal argument to warrant relief from the Court's order. Instead, she repeats arguments and allegations that her attorney abandoned her without notice, although she is still unable to provide even the most basic details to the Court, such as counsel's name, when counsel was retained, and efforts to contact counsel about the status of the alleged § 2255 petition he or she was retained to prepare.[4] Petitioner's broad assertions are merely a rehash of her previous arguments, and are insufficient to warrant relief from judgment pursuant to Rule 59(e). Accordingly, Petitioner's motion for reconsideration is denied.

Even if Petitioner was entitled to equitable tolling, however, her § 2255 motion is without merit. Petitioner raises two claims in her motion and amended motion: 1) that this Court committed error at sentencing by determining a drug quantity calculation that was impermissible in light of the evidence introduced in co-defendant Clive Hamilton's trial; and 2) that this Court erred in applying a gun enhancement when the government failed to prove the weapon found in Petitioner's residence was connected with the offense.[5] Petitioner's plea agreement in this case states that she "knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, conviction and sentence."[6] The Court will hold a defendant and the government to the terms of a lawful plea agreement made knowingly and

---

[3]*Servants*, 204 F.3d at 1012.

[4]Petitioner represents that she will provide the Court with this information within a week of her motion for reconsideration, filed January 22, 2013; to date, no further information has been filed with or received by the Court. Doc. 1051.

[5]Docs. 1044, 1047.

[6]Doc. 792 at 17.

voluntarily.[7] Therefore, a knowing and voluntary waiver in a plea agreement of the right to collaterally attack a sentence under § 2255 is generally enforceable.[8] The Tenth Circuit has adopted a three-pronged analysis for evaluating the enforceability of such a waiver in which the court must determine: (1) whether the disputed issue falls within the scope of the waiver; (2) whether the defendant knowingly and voluntarily waived his rights, and (3) whether enforcing the waiver would result in a miscarriage of justice.[9]

Because all three prongs of *Hahn* weigh in favor of enforcing the plea agreement, the plea agreement will be enforced. Specifically, Petitioner's claims directly attack her sentence and are thus within the scope of the waiver. The Tenth Circuit held in Petitioner's direct appeal that her waiver was knowing and voluntary.[10] And, Petitioner makes no claim of miscarriage of justice, such as ineffective assistance of counsel in connection with negotiation of the waiver.[11] Accordingly, the motion and files are conclusive in establishing that this petitioner is not entitled to relief on the grounds asserted in her motion.

**IT IS THEREFORE ORDERED BY THE COURT** that Petitioner Faith Hamilton's Motion for Reconsideration (Doc. 1055) is DENIED.

**IT IS SO ORDERED.**

Dated: February 12, 2013

---

[7]*United States v. Hahn*, 359 F.3d 1315, 1325, 1328 (10th Cir. 2004) (en banc) (per curiam); *see also United States v. Arevalo-Jimenez*, 372 F.3d 1204, 1207 (10th Cir. 2004).

[8]*United States v. Cockerham*, 237 F.3d 1179, 1181-83 (10th Cir. 2001) (citing several cases coming to the same conclusion).

[9]*Hahn*, 359 F.3d at 1325.

[10]Doc. 998 at 9-10.

[11]*Hahn*, 359 F.3d at 1327.

3

S/ Julie A. Robinson

JULIE A. ROBINSON

UNITED STATES DISTRICT JUDGE