**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff/Respondent, ) | |
| ) | |
| v. ) | Case No. 02-40157-08-JAR |
| ) | |
| FAITH HOPE HAMILTON, ) | |
| ) | |
| Defendant/Petitioner. ) | |
| ) | |

**MEMORANDUM AND ORDER**

On January 8, 2013, the Court dismissed Petitioner Faith Hope Hamilton's Motion to Vacate Pursuant to 28 U.S.C. § 2255 as untimely (Doc. 1051); the Court also denied Petitioner's Motion for Reconsideration (Doc. 1056), finding that even if Petitioner was entitled to equitable tolling, her motion is without merit because the government would be entitled to enforce the plea agreement under *United States v. Hahn*.[1]  This matter is now before the Court on Hamilton's Emergency Motion for Relief to Vacate Plea, Judgment and Sentence (Doc. 1083) on the grounds that she was denied effective assistance of counsel because counsel failed advise her of the mandatory deportation consequences of the plea agreement.

Although Petitioner does not state that her motion is brought pursuant to § 2255, she specifically seeks to vacate the plea, judgment, and sentence in her underlying proceedings based on the alleged ineffective assistance of counsel.  Because her motion attacks the validity of her plea, sentence, and judgment, her remedy is under § 2255.[2]  Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996, a defendant may not file a second or successive motion

---

[1] 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc) (per curiam).

[2] *See Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999).

pursuant to § 2255 unless he first applies to the appropriate court of appeals for an order authorizing the district court to consider the motion.[3] Because Hamilton's second or successive claim under § 2255 was filed without the requisite authorization from the Tenth Circuit, the Court should determine whether it is in the interest of justice to transfer it to the Tenth Circuit under 28 U.S.C. § 1631 or dismiss the petition for lack of jurisdiction.[4] The Tenth Circuit has counseled that "[w]here there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter to this court for authorization."[5]

The phrase "if it is in the interest of justice" has been interpreted to grant the district court the discretion in making the decision whether to transfer an action or, instead, to dismiss the action.[6] Factors considered in deciding whether a transfer is in the interests of justice include whether the claims would have been time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.[7] A prisoner who wishes to file a successive § 2255 motion has the burden of showing that he satisfies one of the two conditions: either (1) the existence of newly discovered evidence that, if proved and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of

---

[3] *See* 28 U.S.C. §§ 2244(b)(3), 2255(h).

[4] *See In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008).

[5] *Id.*

[6] *Id.* at 1252–53.

[7] *Id.* at 1252 (citing *Trujillo v. Williams*, 465 F.3d 1210, 1233 n.16 (10th Cir. 2006)).

the offense; or (2) the existence of a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.[8]  Finally, because this is a successive § 2255 motion, the one-year statute of limitations begins running from the date on which the facts supporting her claims presented could have been discovered through the exercise of due diligence.[9]

     Hamilton argues in her present motion that she is entitled to relief given the existence of a new rule of constitutional law in *Padilla v. Kentucky*, which requires that defense counsel specifically warn a defendant of the risk of deportation arising from a guilty plea.[10]  The Tenth Circuit has determined that the new rule announced in *Padilla* does not apply retroactively.[11]  The Supreme Court has agreed, expressly determining that "defendants whose convictions became final prior to *Padilla* . . . cannot benefit from its holding."[12]  However, *Padilla* was issued in March 2010, and Hamilton's conviction did not become final until October 3, 2011.[13]  Further, Hamilton alleges that she did not learn that she was subject to deportation until her release from Bureau of Prisons custody in July 2015, and is now administratively detained by ICE and facing deportation proceedings.[14]  As Petitioner asserts, the plea agreement does not

---

[8] *United States v. Harper*, 545 F.3d 1230, 1232 n.12 (10th Cir. 2008) (citing 28 U.S.C. § 2255(h)).

[9] 28 U.S.C. § 2255(f).

[10] 559 U.S. 356 (2010).

[11] *United States v. Chang Hong*, 671 F.3d 1147, 1150 (10th Cir. 2011).

[12] *Chaidez v. United States*, 133 S. Ct. 1103, 1113 (2013).

[13] Doc. 1051 at 4.

[14] A petitioner who is serving a term of supervised release remains in custody for purposes of § 2255. *United States v. Estrada*, 580 F. App'x 672, 673 (10th Cir. 2014).  Petitioner was sentenced to five years supervised release. Judgment, Doc. 910.

mention possible deportation, nor was it raised at sentencing.[15] Accordingly, the Court finds it is in the interest of justice to transfer Hamilton's second or successive § 2255 motion to the Tenth Circuit.[16]

**IT IS THEREFORE ORDERED BY THE COURT** that Hamilton's Emergency Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Doc. 1083) is an unauthorized second or successive § 2255 motion that is transferred to the Tenth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall forward a copy of Petitioner's motion to the Clerk of the Tenth Circuit Court of Appeals for processing under 28 U.S.C. § 2244(b)(3). The Clerk shall also send a copy of this Memorandum and Order to Petitioner and to the local office of the United States Attorney.

**IT IS SO ORDERED.**

Dated: December 16, 2015

                                                S/ Julie A. Robinson

                                                JULIE A. ROBINSON

                                                UNITED STATES DISTRICT JUDGE

---

[15] Doc. 792; Sent. Hrg. Tr. Doc. 946.

[16] *Cf. United States v. Lara-Jiminez*, 377 F. App'x 820, 822 (10th Cir. 2010) (finding transfer not in interest of justice when claims clearly do not meet requirements in Section 2255(h)); *In re Cline*, 531 F.3d at 1252 (holding district court may refuse to transfer motion where motion fails on its face to satisfy any of the authorization standards of Section 2255(h)).